UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HAROLD S. BOUIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05-cv-1655 (RCL) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the plaintiff's motion [16] for judgment on the pleadings, and the defendant's motion [18] for judgment of affirmance. Upon consideration of the motions, briefs, applicable law, and the administrative record, the Court concludes that the plaintiff's motion will be DENIED and defendant's motion for judgment of affirmance will be GRANTED.

**BACKGROUND**

Plaintiff Harold Bouie ("Bouie") brought this claim on April 15, 2002 seeking a period of disability and disability insurance benefits pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (A.R. 64-66). Bouie was 37 years old at the time of the administrative hearing. (Pl.'s Br. 4). Bouie has a high school education and four years of college, but no degree. (A.R. 14). His past work experience includes employment as an airport skycap, rental car fleet manager, and car rental clerk. (A.R. 14). Bouie also served in the U.S. Military as a computer operator. (A.R. 162). He claims that he has been disabled and unable to work since

August 15, 2001 and suffers from paranoid schizophrenia, hallucinations, panic attacks, and depression. (A.R. 91, 253).

Bouie's application for social security benefits was denied initially and upon reconsideration (A.R. 34-37, 40-43). On January 4, 2005, Bouie and his attorney appeared in a hearing before an administrative law judge ("ALJ"). (A.R. 13). The ALJ denied Bouie's claim to benefits under sections 216(i) and 223 of the Social Security Act. *Id.* On June 17, 2005, the Appeals Council denied Bouie's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (A.R. 5-7).

Bouie was first diagnosed with mental impairments on November 27, 2001 when he was seen by Dr. Chatel at the Veterans Administration Medical Center ("VAMC"). (A.R. 14, 163). Dr. Chatel diagnosed Bouie's condition as an alcohol induced psychotic disorder with delusions, alcohol withdrawal, and alcohol dependence with physiological dependence. (A.R. 162). Dr. Chatel also rated Bouie's GAF[1] at 40. *Id.* Dr. Chatel's notes describe Bouie as stating, "'I feel like now I just jumped into a pool of cold water' and [Bouie] has a picture in his brain that there are small mouths with teeth that are opening an closing all over his body. . . ." (A.R. 162). "Last night, these mouths turned into clams opening and closing and screaming." *Id.*

In December 2001, Bouie began to see Dr. Shim at the VAMC. (A.R. 159). Dr. Shim became Bouie's treating psychiatrist and saw him bi-weekly or monthly through October 2004. As part of his treatment, Bouie also received a psychiatric evaluation from Dr. Pierson on

---

1  GAF is the Global Assessment of Functioning Scale. GAF describes the individual's level of function on a scale of 0 (minimal function) to 100 (perfect function). For example, a GAF rating from 31-40 is described as "[s]ome impairment in reality or communication OR major impairment in several areas, such as work or school, family relations . . . ." Lynn Geurin, *Chapter 24: Global Assessment of Functioning*, *in* MENTAL HEALTH & EXPERTS MANUAL (8th ed., Kentucky Department of Public Advocacy 2005) *available at* http://dpa.ky.gov/library/ manuals/MentalHealthManual.pdf. A rating from 41-50 is described as "[s]erious symptoms OR any serious impairment in social, occupational, or school functioning." *Id.* A GAF rating of 51-60 is described as "[m]oderate symptoms OR moderate difficulty in social, occupational, or school functioning." *Id.*

August 26, 2002.  (A.R. 168).  During his treatment with Dr. Shim, Bouie attained moderate improvements.  Dr. Shim rated Bouie's GAF at 60[2] after several sessions between September 2003 and October 2004.  (A.R. 194, 199, 205, 207, 209).  Dr. Shim also indicated that Bouie was no longer hallucinating as he first did when he met with Dr. Chattel.  *Id.*

On November 4, 2004, Dr. Shim submitted a "Medical Assessment Of Ability To Do Work-Related Activities – Mental" form to analyze Bouie's capabilities in the workforce.  (A.R. 243-44).  In that assessment, Dr. Shim stated that Bouie had been "disabled totally and permanently" since November 2001.  (A.R. 244).  Dr. Shim reported that Bouie had poor ability to follow work rules, relate to coworkers, deal with the public, use judgment, interact with supervisors, deal with work stress, function independently, and maintain attention and concentration.  (A.R. 243).  Dr. Shim also found that Bouie had a poor ability to understand, remember and carry out simple, detailed, or complex job instructions.  (A.R. 244).  Finally, his report found that Bouie's ability was poor when maintaining personal appearance, behaving in an emotionally stable manner, relating predictably in social situations, and demonstrating reliability.  *Id*.

After reviewing the record and testimony, the ALJ determined that the medical evidence established that Bouie's paranoid schizophrenia, depression and panic disorder impairments were "severe" within the meaning of the regulations.  (A.R. 20).  However, Bouie's impairments were not severe enough to meet or medically equal, either singly or in combination to one of the impairments required by the regulations.  *Id.*  In making this determination, the ALJ found that Dr. Shim's final assessment of Bouie was contrary to some of Shim's treatment notes, Dr. Pierson's psychiatric evaluation, Bouie's written statements, and Bouie's testimony.  (A.R. 20-

---

2  Geurin, *supra* note 1.

21).  Therefore, the ALJ found Dr. Shim's final assessment was unpersuasive and not controlling.  (A.R. 20).

## STANDARD OF REVIEW

Pursuant to the United States Code, Title 42, Sections 405(g) and 1383(c)(3), this Court has jurisdiction to review of the final decision the Commissioner of Social Security.  This Court may not review the plaintiff's case de novo or reconsider evidence from the administrative record submitted in the defendant's answer.[3]  Instead, the specific task of the reviewing court is to determine whether the Commissioner's findings of fact, in this case the decision of the ALJ, are supported by substantial evidence.  The Court must "carefully scrutinize the entire record." *Davis v. Heckler*, 566 F. Supp. 1193, 1195 (D.D.C. 1983).  Under 42 U.S.C. § 405(g), "findings of fact 'if supported by evidence, shall be conclusive.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "The Court said this meant 'supported by substantial evidence' and that this was 'more than a mere scintilla.' It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  A court reviewing a case for substantial evidence gives considerable deference to the decision rendered by the ALJ and ensures his decision is in accordance with applicable law.  *Davis v. Shalala*, 862 F. Supp. 1, 4 (D.D.C. 1994).  A court must determine whether substantial evidence on the record supports the ALJ's decision by reviewing the record in its entirety.  42 U.S.C. § 405(g).  However, the Court may not reweigh the evidence and "replace

---

3 The Court will treat plaintiff's motion for judgment on the pleadings as a motion for an order reversing the decision of the Commissioner pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure and proceed to the merits of the case. "By virtue of 42 U.S.C. § 405(g), a federal district court may review a final decision of the [Commissioner] only to determine whether there exists substantial evidence in the record to support the [Commissioner's] findings." *Beynum v. Barnhart*, 435 F. Supp. 2d 142, 144 n2 (D.D.C. 2006) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Igonia v. Califano*, 568 F.2d 1383, 1389 (D.C. Cir. 1977)).

the [ALJ's] judgment regarding the weight and validity of the evidence with its own." *Davis v. Heckler*, 566 F. Supp. at 1195.

In a disability proceeding, the ALJ "has the power and the duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of disability." *Diabo v. Sec'y of HEW*, 627 F.2d 278, 281 (D.C. Cir. 1980). Based upon a record so compiled, the Court confines its review to "determining whether the Secretary's decision that [the claimant] was not disabled is supported by substantial evidence. . . ." *Brown v. Bowen*, 794 F.2d 703, 705 (D.C. Cir. 1986). This standard of review "calls for careful scrutiny of the entire record." *Id.*

## ANALYSIS

*A. It is the Plaintiff's Burden to Prove He Is Disabled.*

Claims for Social Security disability insurance benefits are evaluated using a five-step process. A claimant may be found to have no disability at any one of the steps. The claimant must prove that (1) he is not presently engaged in substantial gainful work; (2) he has a "severe impairment" that specifically limits his ability to do basic work activities; and either (3) his impairment meets or equals a listed impairment;[4] or (4) that he is incapable of performing past relevant work. 20 C.F.R. §§ 404.1520(b)-(e), 416.920(b)-(e). If the claimant prevails on the first four steps, the fifth step shifts the burden to the Commissioner to make a finding of no disability only if the Commissioner proves that the claimant, based upon his age, education, work experience and residual functional capacity, is capable of performing other gainful work. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See Simms v. Sullivan*, 877 F.2d 1047, 1049 (D.C. Cir. 1989); *Brown*, 794 F.2d at 705-06.

---

4 A listed impairment is an impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P, "which [is] considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525(a), 416.925(a). A claimant found to have a listed impairment will be considered disabled.

In his review of plaintiff's application for Social Security disability benefits, the ALJ followed the five-step sequential process as outlined in 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(e). The ALJ notes that Bouie has only worked about 45 hours per month doing odd jobs. (A.R. 19). Neither party disputed that this did not satisfy gainful employment, and accordingly, the ALJ correctly moved to the next step of the analysis.

The second step requires plaintiff to have a "severe impairment." C.F.R. §§ 404.1520(c), 416.920(c). The ALJ reviewed Bouie's condition for four categories of impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P. (A.R. 20). The impairments included category 12.03 schizophrenic, paranoid, and other psychotic disorders; 12.04 affective disorders; 12.06 anxiety-related disorders; and 12.09 substance addiction disorders. *Id.* After reviewing the entire record, the ALJ determined that Bouie's substance addiction disorders, category 12.09, did "not impose[] more than a minimal effect on his ability for function . . ." and did not satisfy step two of the analysis (A.R. 20). However, the ALJ did find that the medical evidence indicates that Bouie has paranoid schizophrenia, depression, and panic disorder impairments that are "severe" within the meaning of the regulations. *Id.*

After finding that a claimant's impairments are considered "severe," the next stage in the analysis requires finding that claimant's impairment conforms to either step three or four of the five-step process. Step three requires determining whether Bouie's "severe" impairments meet or equals an impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P. If step three is not met, claimant must meet step four which requires the claimant to be incapable of performing past relevant work. 20 C.F.R. §§ 404.1520(d)-(e), 416.920(d)-(e).

To satisfy the requirements for a "severe impairment" of categories 12.03, 12,04, or 12.06, the ALJ must find that the plaintiff meets the criteria listed in both paragraphs A and B or

paragraph C of each category. 20 C.F.R. pt. 404 app. 1 to subpart P §§ 12.03-04, 12.06 (2006). The ALJ found that Bouie satisfied paragraph A for all three impairment categories. (A.R. 20). However, the ALJ found that Bouie did not satisfy the conditions for paragraph B or C in any of the categories, and therefore, failed to satisfy step three of the five step process. (A.R. 20-21).

Step three was not met, and therefore, step four of the process must be satisfied for Bouie to be eligible for benefits. To satisfy step four, Bouie must be incapable of performing his previous work. The ALJ found that Bouie would be unable to perform his past work as a computer operator due to his inability to perform complex tasks. (A.R. 24). He would also be unable to perform his past work as a skycap, rental fleet manager, or car rental clerk due to the frequent interaction required with coworkers and the public. *Id.* Therefore, step four of the analysis is satisfied.

### B. The Burden Shifts to the Social Security Administration to Show That Gainful Employment is Available.

Once it is established that Bouie cannot perform his past relevant work because of his impairments, the burden shifts to the Social Security Administration to show that there are other jobs that Bouie can perform. During this final step, the ALJ may use the services of a vocational expert or other specialist to determine whether Bouie's work skills can be used in "other work" and the specific occupations in which they can be used. *White v. Barhnart*, 451 F. Supp. 2d 1 (D.D.C. 2006); 20 C.F.R. §§ 404.1566(e), 416.966(e). If the ALJ determines that the Bouie can engage in "other work," then he is not disabled under the regulations. 20 C.F.R. §§ 404.1520(g), 416.920(g). In determining whether a given claimant is disabled, the ALJ must evaluate all the relevant evidence, including examples of debilitating pain "and the extent to which [those]

symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. § 404.1529(a).

The regulations also provide that an applicant's statements about pain or other symptoms are insufficient to establish that the applicant is disabled. 20 C.F.R. §§ 404.1529(a), 416.929(a). There is a two-step process for analyzing and weighing this type of evidence. *Butler*, 353 F.3d at 1004. First, "[m]edical signs and laboratory findings . . . must show the existence of a medical impairment(s) . . . which could reasonably be expected to produce," 20 C.F.R. §§ 404.1529(b), 416.929(b), "the actual pain, in the amount and degree, alleged by the claimant." *Butler*, 353 F.3d at 1004. If the claimant passes this threshold, the ALJ assesses the persistence and intensity of the claimant's pain as well as the extent to which it impairs his ability to work.[5] 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); *Butler*, 353 F.3d at 1004. This assessment requires the ALJ to make a determination as to the credibility of the applicant's subjective claims of pain and its functional effects. *Butler*, 353 F.3d at 1005. "The ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight." *Id.*

The ALJ properly stated reasons for his conclusion that Bouie could perform detailed or simple tasks, occasionally tolerate contact with the general public in the work place, and occasionally tolerate close teamwork with a coworker. (A.R. 24). The ALJ cited many inconsistencies in Bouie's written statements, testimony, Dr. Shim's notes, and Shim's final assessment of Bouie. (A.R. 22-24) The ALJ's reasons were sufficiently specific to demonstrate

---

5  The plaintiff's "symptoms, including pain, will be determined to diminish [his] capacity for basic work activities [only] to the extent that [his] alleged functional limitations and restrictions due to . . . pain . . . can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c)(4); *see Butler*, 353 F.3d at 1005.

the weight he gave to Bouie and Dr. Shim's statements on the record and the reasons for that weight.  Based on these findings and the testimony of a vocational expert, the ALJ determined that Bouie could perform certain available jobs given his limited capacity.  (A.R. 25).  As such, the ALJ found that Bouie is not disabled as defined in the Social Security Act and not eligible for benefits.

### C.  Treating Physician Rule

*Bouie* argues that the ALJ did not base his findings on substantial evidence.  More concisely, Bouie argues that the ALJ's finding that he did not have any "severe impairments" was not based on substantial evidence, and the ALJ ignored Dr. Shim, the treating physician, whose findings that should have been controlling.  (Pl.s Br. 12-13).  "Because a claimant's treating physicians have great familiarity with his condition, their reports must be accorded substantial weight." *Poulin v. Bowen*, 817 F.3d 865, 873 (D.C. Cir. 1987).  "The treating physician's opinion regarding an impairment is usually 'binding on the fact-finder unless contradicted by substantial evidence.'"  *Williams v. Shalala*, 997 F.2d 1494, 1498 (D.C. Cir. 1993) (quoting *Murdaugh v. Sec'y of Dep't of Health & Human Servs.*, 837 F.2d 99, 101 (2d Cir. 1988)).  "[A]n ALJ who rejects the opinion of a treating physician must explain his reasons for doing so.  *Williams*, 997 F.2d at 1498 (citing *Simms v. Sullivan*, 877 F.2d 1047, 1052-53 (D.C. Cir. 1989)).

To the contrary, the ALJ cites multiple instances throughout his decision evidence in the record that contradicts Dr. Shim's final assessment.  For example, Dr. Shim concluded that Bouie had only a poor ability to understand, remember and carry out even simple job instructions, yet in Shim's treatment notes he stated that Bouie's memory was intact.  (A.R. 21).  Bouie also testified that he could finish what he starts, and he can follow written or spoken instructions.  *Id.*  In another instance Dr. Shim's final assessment concluded that Bouie was

totally and permanently disabled and he had only a poor ability to perform work-related mental tasks. However, Shim's treatment notes indicate a consistent GAF at 60[6] that only indicates a moderate difficulty in social, occupational, or school functioning. (A.R. 23). Similarly, Dr. Shim's final assessment concluded that Bouie had a poor ability to function independently, however, Shim's treatment notes state that Bouie's activity of daily living skills were good. *Id.* Those observations were also confirmed by Dr. Pierson's evaluation. *Id.* In sum, the ALJ's decision to find Dr. Shim's conclusions not controlling is consistent with applicable law. The ALJ's sufficiently cited evidence in the record to satisfy the treating physician rule laid out in *Williams*. 997 F.2d at 1498.

## CONCLUSION

The ALJ's findings are based upon substantial evidence in the record such that a reasonable mind might accept as adequate to support a conclusion. Furthermore, the ALJ's final decision was consistent with applicable law. For the foregoing reasons, the Court GRANTS defendant's motion for judgment of affirmance and DENIES plaintiff's motion for judgment on the pleadings.

An Order consistent with this Opinion will be Entered.

Signed by United States District Judge Royce C. Lamberth, December 13, 2006.

---

6  Geurin, supra note 1.